IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SKYLAR LYNN FROST,<br><br>    Defendant. | No. 24-CR-3057-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

Defendant Skylar Lynn Frost moves to dismiss the indictment charging her with being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3), raising an as-applied Second Amendment challenge to the statute. Doc 34. In her motion, Defendant sets forth facts she anticipates the Government will prove at trial concerning her drug use and firearm possession. Doc. 34-1. She states that during a search of her residence—executed in connection with a shooting investigation involving her partner's sons, who also resided at the home—she informed law enforcement that she kept a firearm in her vehicle and another in a safe at her mother's house; she further directed law enforcement to the location of marijuana inside the home. *Id*. Following the search, Defendant submitted to a urine test that showed positive for marijuana use. *Id*. Defendant argues that these facts do not support a finding of dangerousness and that applying § 922(g)(3) to disarm her is in violation of the Second Amendment. She requests an evidentiary hearing to offer the testimony of one law enforcement officer and to offer medical records, the pretrial services report, and her criminal history. Doc. 38; *see also* Doc. 16 (pretrial services report).

The Government resists an evidentiary hearing, arguing a ruling on the motion should be deferred until trial. Doc. 37. It asserts that the factual record is underdeveloped as to allow a constitutional ruling on the merits. *Id*.

## I. DISCUSSION

"[D]isarming *all* drug users . . . is inconsistent with the Second Amendment."[1] The law may only prohibit firearm possession for those "who pose a danger to others."[2] "[T]he relevant questions for resolving [Defendant]'s as-applied challenge" are did "using marijuana make [Defendant] act like someone who is 'both mentally ill and dangerous'" or cause Defendant to "'induce terror' or 'pose a credible threat to the physical safety of others' with a firearm."[3] Section 922(g)(3) may be unconstitutional as applied if the Government cannot show Defendant posed a danger to others.[4]

I held oral argument on July 14, 2025, on the issue of whether to hold an evidentiary hearing on the pending motion. Doc. 45. In the order setting the hearing, I noted:

> The Eighth Circuit has recently addressed how as-applied motions to dismiss under *Bruen* should be handled:
>> If the district court determines that the relevant factual evidence is "undisputed in the sense that it is agreed to by the parties," pretrial resolution may be appropriate because "a trial of the general issue would serve no purpose." Furthermore, pretrial resolution may also be appropriate if the district court determines that it can decide the legal issues presented without making any factual findings. *See, e.g.*, *United States v. Connelly*, 668 F. Supp. 3d 662, 668 (W.D. Tex. 2023) ("assum[ing] without deciding that the Government's drug use allegations are true" in order to

---

[1] *United States v. Veasley*, 98 F.4th 906, 912 (8th Cir. 2024) (quoting *New York Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 26 (2022)).

[2] *United States v. Cooper*, 127 F.4th 1092, 1095 (8th Cir. 2025).

[3] *Id.* at 1096 (citations omitted) (quoting *Veasley*, 98 F.4th at 913, 918; *United States v. Rahimi*, 602 U.S. 680, 700 (2024)); *see also United States v. Cordova Perez*, No. 24-1553, 2025 WL 2046897, at *5-6 (8th Cir. July 22, 2025) (to be published in the Federal Reporter, Fourth Series) (stating that marijuana use must cause a defendant to induce terror or pose a risk of danger to others).

[4] *See United States v. Grubb*, 135 F.4th 604, 608 (8th Cir. 2025); *Cooper*, 127 F.4th at 1096.

2

"decide the legal issues presented without further factual findings"), *aff'd in part, rev'd in part*, 117 F.4th 269 (5th Cir. 2024). If, however, ruling on the as-applied challenge requires "resolving factual issues related to [defendant's] alleged offense, such as the extent of his drug use," then resolution of the issue is likely improper before trial.[5]

The Eighth Circuit has further explained:

> [T]he government is not required to present its case in response to a motion to dismiss, and dismissal is not justified based on "the government's refusal to come forward with evidence to support its case in the face of a defendant who has presented his own proof." "To warrant dismissal, it must be clear from the parties' agreed representations about the facts surrounding the commission of the alleged offense that a trial of the general issue would serve no purpose." Unless the prosecution voluntarily presents the entirety of its evidence in response to a pretrial motion, the court cannot know the universe of additional facts that will be presented at trial and whether they will be disputed. There is no Second Amendment exception to Rule 12 or Rule 16 that compels the government to present its case in response to a pretrial motion or that authorizes summary judgment motions for a defendant claiming a right to bear arms.[6]

Doc. 39. I requested the Government be prepared to address if it intended to present any additional evidence at an evidentiary hearing beyond the facts identified in Defendant's motion. *Id.*

At the hearing, the Government declined to state whether it has any additional evidence beyond what is outlined in Defendant's brief. The Government argued *Grubb* "squarely" supported its position. It also noted that the investigation was ongoing and evidence could be developed as the case progressed. The Government did not want to place itself in a catch-22 by disclosing evidence and then not being able to present that

---

[5] ***United States v. Baxter***, 127 F.4th 1087, 1091 (8th Cir. 2025).

[6] ***Grubb***, 135 F.4th at 607-08 (8th Cir. 2025) (citations omitted) (quoting ***United States v. Pope***, 613 F.3d 1255, 1259 (10th Cir. 2010)).

evidence at trial, or to set a precedent of disclosure for future cases. Defendant responded that the parties had entered into the Stipulated Discovery Order and therefore the Government was required to disclose much of its evidence to Defendant prior to trial.[7] Defendant argued that the Government should not be able to avoid resolution of a purely legal issue—whether it was constitutional to disarm a person based on her positive urinalysis test for marijuana and her disclosing the location of marijuana in her residence—by refusing to answer the court's question on whether it had additional evidence on Defendant's drug use or dangerousness.

Recognizing the Government is not required to disclose its case-in-chief in response to a motion to dismiss, its refusal to merely state whether it possesses additional evidence (without revealing what that evidence may be) raises concern about the fairness and efficiency of pretrial litigation in this case. One can strongly infer that the Government does not possess any additional evidence beyond what is in the record (based on its refusal to answer the court's question and the existence of a Stipulated Discovery Order). If that is the case, then the constitutional issue could and should be resolved now,[8] rather than forcing the Defendant to proceed to trial solely to preserve her constitutional challenge, which raises, as the record now stands, a potentially meritorious claim.[9] The Government's lack of clarity on the mere existence of additional evidence is equally troubling in that its position may reflect an effort to avoid an adverse ruling on

---

[7] Under the Stipulated Discovery Order, the Government agrees to disclose "law enforcement reports . . ., grand jury testimony and evidence or existing summaries of evidence . . . that prove the basis for the case against the Defendant" as well as "Jencks Act materials." Doc. 23. The Government may redact or withhold to protect ongoing investigations. *Id*.

[8] *Id.* ("[T]he court must resolve every pretrial motion before trial 'unless it finds good cause to defer a ruling' and deferral will not 'adversely affect a party's right to appeal'" (quoting **Fed. R. Crim P. 12(d)**)).

[9] Testing positive for and acknowledging the presence of marijuana inside the home is more akin to "a frail and elderly grandmother who used marijuana for a chronic medical condition." *Cooper*, 127 F.4th at 1094.

the constitutional issue through plea negotiations,[10] rather than good-faith uncertainty of the evidentiary record.

It appears that the United States Attorney's Office has taken the position that it will *never* agree to the pretrial resolution of a Second Amendment as-applied challenge, even if the defendant is willing to stipulate to all the evidence in the Government's possession. Instead, the Government will require the defendant to proceed to trial to preserve the issue, thereby losing the chance for the reduced sentence that comes with fully accepting responsibility by pleading guilty. I do not think this position is supported by *Grubb* and other recent Eighth Circuit cases, which contemplate pretrial resolution in some instances.[11] If the Government has no additional evidence regarding Defendant's drug use and dangerousness than outlined in Defendant's brief, trial would be a needless waste for this court, a jury, and the parties.

Ultimately, I am uncertain if I can force the Government to indicate whether it has any additional evidence of Defendant's drug use or dangerousness. But the Government's refusal to provide this information does not seem to be in the interests of justice or a speedy resolution of this case. In light of the current state of the record and the uncertainty of whether additional evidence related to the dangerousness of Defendant exists, I recommend deferring ruling on Defendant's motion to dismiss until trial. I also

---

[10] *See United States v. Loftin*, 134 F.4th 1007, 1008 (8th Cir. 2025) (holding that a defendant "waive[s] any as-applied [Second Amendment] challenge by pleading guilty," as "[a] defendant who pleads guilty conditionally 'is not allowed to take an appeal on a matter which can only be fully developed by proceeding to trial.'" (quoting **Fed. R. Crim. P. 11, advisory committee note to 1983 amendment**)).

[11] *See also Grubb*, 135 F.4th at 612 (Stras, J., concurring) (noting that *Baxter* recognized the court should decide legal issues pretrial if factual findings are not required and that cases generally suggest "criminal defendants must wait for an answer *only* if their constitutional challenge depends on contesting facts about the offense charged" (emphasis added)); *see also* **Fed. R. Crim. P. 2** (federal rules "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay").

recommend the sentencing judge consider the Government's conduct here in the event Defendant proceeds to trial to preserve the Second Amendment challenge, the Government offers no additional evidence, and the Second Amendment challenge is rejected.

## II.   CONCLUSION

I recommend **deferring ruling** on Frost's motion to dismiss (Doc. 34).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections.  A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[12]  Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[13]  Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[14]

**DATED** July 24, 2025.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[12] **LCrR 59**.

[13] *See* **Fed. R. Crim. P. 59**.

[14] *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).