# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. SKYLAR LYNN FROST, Defendant. | No. CR24-3057-LTS  **ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This matter is before me on a Report and Recommendation (R&R) filed by Chief United States Magistrate Judge Kelly K.E. Mahoney in which she recommends that I defer ruling on defendant Skylar Lynn Frost's motion (Doc. 34) to dismiss the indictment. Doc. 46. The Government and Frost have filed objections. Docs. 50, 51.

## II. BACKGROUND

Frost is charged with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). She argues the charge should be dismissed because the statute, as applied to her, unconstitutionally deprives her of her Second Amendment right to keep and bear arms. Frost contends the Government cannot prove that using marijuana made her act like someone who is mentally ill and dangerous, or that she induced terror or posed a credible threat to the physical safety of others due to her drug use. *See United States v. Cooper*, 127 F.4th 1092, 1095 (8th Cir. 2025).

Judge Mahoney held a hearing on the motion on July 14, 2025, and issued her R&R (Doc. 46) on July 24, 2025. She recommends deferring ruling on Frost's motion to dismiss until after trial.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

2

Case 3:24-cr-03057-LTS-KEM    Document 52    Filed 09/08/25    Page 2 of 8

## IV.     ANALYSIS

### A.     *The R&R*

Prior to the hearing, Judge Mahoney filed an order (Doc. 39) noting that the Eighth Circuit has recently addressed how district courts should handle as-applied motions to dismiss in both *Cooper* and *United States v. Grubb*, 135 F.4th 604, 608 (8th Cir. 2025). She noted the court has instructed that pretrial resolution may be appropriate if the factual evidence is undisputed or agreed to by the parties or the legal issues do not require any factual findings. *Id.* (citing *United States v. Baxter*, 127 F.4th 1087, 1091 (8th Cir. 2025)). But if the as-applied challenge requires resolving factual issues, then resolution is likely improper before trial. *Id.* She also cited the following from *Grubb*:

> [T]he government is not required to present its case in response to a motion to dismiss, and dismissal is not justified based on "the government's refusal to come forward with evidence to support its case in the face of a defendant who has presented his own proof." "To warrant dismissal, it must be clear from the parties' agreed representations about the facts surrounding the commission of the alleged offense that a trial of the general issue would serve no purpose." Unless the prosecution voluntarily presents the entirety of its evidence in response to a pretrial motion, the court cannot know the universe of additional facts that will be presented at trial and whether they will be disputed. There is no Second Amendment exception to Rule 12 or Rule 16 that compels the government to present its case in response to a pretrial motion or that authorizes summary judgment motions for a defendant claiming a right to bear arms.

*Id.* (quoting *Grubb*, 135 F.4th at 607-08). As such, she requested the Government be prepared to address if it intended to present any additional evidence at the hearing beyond the facts identified in Frost's motion. *Id.*

At the hearing, the Government declined to state whether it had any additional evidence, citing *Grubb*. Frost argued the Government should not be able to avoid resolution of a purely legal issue (based on the evidence disclosed thus far) by refusing to answer the court's question as to whether it had additional evidence of Frost's drug use or dangerousness. Judge Mahoney recognized the Government is not required to

3

disclose its case-in-chief in response to a motion to dismiss, but agreed with Frost that "its refusal to merely state whether it possesses additional evidence (without revealing what that evidence may be) raises concern about the fairness and efficiency of pretrial litigation in this case." Doc. 46 at 4. She also remarked that the Government's position to never agree to the pretrial resolution of a Second Amendment as-applied challenge requires the defendant to proceed to trial to preserve the issue, thereby losing the chance for a reduced sentence that comes with fully accepting responsibility by pleading guilty. Judge Mahoney questioned whether this practice is supported by *Grubb* and noted that it wastes the court's, the jury's and the parties' time if the Government does not have any additional evidence. While she stated it was uncertain as to whether she could force the Government to indicate whether it had any additional evidence of Frost's drug use or dangerousness, she observed that the Government's refusal to provide this information did "not seem to be in the interests of justice or speedy resolution of this case." *Id.* at 5. She concluded:

> In light of the current state of the record and the uncertainty of whether additional evidence related to the dangerousness of Defendant exists, I recommend deferring ruling on Defendant's motion to dismiss until trial. I also recommend the sentencing judge consider the Government's conduct here in the event Defendant proceeds to trial to preserve the Second Amendment challenge, the Government offers no additional evidence, and the Second Amendment challenge is rejected.

*Id.* at 5-6.

### B. The Objections

The Government agrees with the ultimate conclusion that the motion to dismiss be deferred but objects to the following comments in the R&R:

- that the Government's conduct raises concern about the fairness and efficiency of pretrial litigation
- that a strong inference can be drawn that the Government does not possess

4

- additional evidence or that Frost has a potentially meritorious claim
- that the Government is requiring Frost to proceed to trial in order to preserve her as-applied challenge
- that the sentencing judge consider the Government's conduct in the event Frost proceeds to trial, the Government offers no additional evidence and the Second Amendment challenge is rejected.

Doc. 50. As to each of these objections, the Government argues it is following Eighth Circuit precedent and should not be faulted for doing so.

Frost objects to the recommendation to defer ruling on her motion to dismiss. She argues that given the liberty interest at stake and the straightforward facts of this case, it is against the interests of justice to require her to face the potential loss of a guidelines reduction for acceptance of responsibility, a subsequent appeal and the possibility of incarceration during the appeal simply to challenge the constitutionality of her indictment. Second, she contends the Second Amendment right is unique as it is presumptively protected and it is the Government, not Frost, that must justify the regulation. *See N.Y. State Rifle & Pistole Ass'n v. Bruen*, 597 U.S. 1, 24 (2022). Third, Frost cites the stipulated discovery order (Doc. 46) noting that if the Government has additional evidence, it must be shared with Frost. Finally, she argues an evidentiary hearing on this issue would not require a disclosure of the Government's case-in-chief because the requirements of a showing of dangerousness or mental infirmity are not among the elements of the charged offense and would be prejudicial if introduced at trial. As such, she requests that this issue be decided prior to trial.

### C. Discussion

Under Rule 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Eighth Circuit has explained that pretrial resolution may be

5

appropriate if relevant factual evidence is "undisputed in the sense that it is agreed to by the parties," or if the district court can decide the legal issues presented without making any factual findings. *See United States v. Baxter*, 127 F.4th 1087, 1091 (8th Cir. 2025) (citing *United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010) and *United States v. Connelly*, 668 F. Supp. 3d 662, 668 (W.D. Tex. 2023)). However, if an as-applied challenge requires "'resolving factual issues related to [the] alleged offense, such as the extent of [a defendant's] drug use,' then resolution of the issue is likely improper before trial." *Id.* (quoting *United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016)).

In *Grubb*, the defendant moved to dismiss the indictment, arguing that § 922(g)(3) was unconstitutional as applied to him. *Grubb*, 135 F.4th at 606. The district court rejected Grubb's request for a pretrial evidentiary hearing and deferred ruling on the motion until after trial. *Id.* Grubb then entered a conditional guilty plea before a magistrate judge and reserved his right to appeal the denial of the motion to dismiss. *Id.* He stipulated to the bare minimum facts required to establish the elements of the offense. *Id.* Regarding the pending motion to dismiss, the Government argued that the court could not adjudicate the as-applied challenge without resolving factual issues related to the offense, such that a trial was necessary to resolve the motion. The court concluded it could resolve the as-applied challenge based on the stipulated facts in the plea agreement and found § 922(g)(3) was constitutional as applied to Grubb and denied his motion to dismiss the indictment before accepting his plea. *Id.*

On appeal, the Eighth Circuit concluded a "trial on the merits" was needed to decide Grubb's motion. *Id.* at 607. Specifically, it stated "the government is not required to present its case in response to a motion to dismiss, and dismissal is not justified based on 'the government's refusal to come forward with evidence to support its case in the face of a defendant who has presented his own proof.'" *Id.* (quoting *Pope*, 613 F.3d at 1260). Thus, "the district court was correct in its initial ruling that if Grubb seeks to maintain an as-applied challenge to the constitutionality of § 922(g)(3), then he must await the presentation of evidence at trial." *Id.* at 608. If evidence on the constitutional issue

6

was inadmissible at trial, the Eighth Circuit stated that "the district court has mechanisms to receive that evidence outside the presence of a jury or separate from the trial of the charge." *Id.*

Here, the Government is unwilling to agree to the factual evidence relevant to Frost's as-applied challenge. As such, Frost has two options: maintain her as-applied challenge and proceed to trial or waive her as-applied challenge and plead guilty. *See Grubb*, 135 F.4th at 606; *United States v. Loftin*, 134 F.4th 1007 (8th Cir. 2025). Like Judge Mahoney, I have serious concerns about the fairness and efficiency of this procedure (particularly because this issue will rarely be suitable for resolution at trial), but I am bound to follow circuit precedent. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (district courts are "bound . . . to apply the precedent of this Circuit"). Thus, regardless of my personal feelings about this situation, I will not fault the Government for acting within the scope of that precedent. Under current circuit law, which will hopefully develop in the future to add direction and clarity, I agree with Judge Mahoney that the court's ruling on Frost's motion to dismiss must be deferred until after trial.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. 46) as modified herein.

2. The Government's objections (Doc. 50) are **sustained** and Frost's objections (Doc. 51) **overruled**.

3. Pursuant to Judge Mahoney's recommendation, ruling on Frost's motion (Doc. 34) to dismiss is **deferred** until after trial.

**IT IS SO ORDERED** this 8th day of September, 2025.

_____
Leonard T. Strand
United States District Judge